# Brighenti et al. *v.* Steiner, Exr., et al., Appellants.

*Mortgage—Payment—Evidence—Assignment—Collateral—Debt of another.*

On a sci. fa. sur mortgage, where it appears that the mortgagee assigned the mortgage as collateral for his note, and that on payment of the note, the mortgage was reassigned to him, and he then assigned it to plaintiffs, the executor of the mortgagor cannot claim that the mortgage was given to secure the debt of a third party, and that payment of the note of the mortgagee by the assignee of such third party, was payment of the mortgage, where he offers no proof whatever that the mortgage was given as security, or that the payment of the note by the assignees was in fact payment of the mortgage.

Argued March 15, 1921. Appeal, No. 48, Oct. T., 1921, by defendants, from judgment of C. P. Westmoreland Co., Aug. T., 1920, No. 329, on verdict for plaintiffs, in case of M. Brighenti and E. L. Hibbs, assignee of C. Ward Eicher, who was assignee of Barclay-Westmoreland Trust Co., which was assignee of C. Ward Eicher v. George H. Steiner, executor of estate of Prudence McMahan, deceased, and Olive A. Steiner, devisee of said Prudence McMahan. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur mortgage. Before BEACOM, P. J., specially presiding.

At the trial it appeared that on February 1, 1909, Prudence McMahan, executed a mortgage for $3,800, to C. Ward Eicher. On February 10th, following, the mortgage was assigned to the Barclay-Westmoreland Trust Co., as collateral security for a loan to Eicher for $3,800. The note of Eicher for the loan was subsequently paid by the assignees of Alexander McMahan's estate, and the mortgage was assigned to Eicher, who subsequently assigned it to plaintiffs. Defendants

claimed that Prudence McMahan had executed the mortgage as an accommodation to her brother Alexander McMahan and to help him out of his financial troubles, and they assumed that payment of Eicher's note by McMahan's assignees was payment of the mortgage. There was no proof that the mortgage was given as security; nor was there any explanation why the assignees of McMahan had paid Eicher's note, nor any proof that such payment was payment of the mortgage.

Other facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs for $6,688. Defendants appealed.

*Errors assigned* were refusal of various offers of evidence, quoting bills of exceptions, and charge of court, quoting it.

*Lewis C. Walkinshaw,* for appellants.

*Chas. E. Whitten,* of *Gaither & Whitten,* with him *Paul S. Barnhart,* for appellees.

OPINION BY MR. JUSTICE KEPHART, April 25, 1921:

Appellant assumed the mortgage of Prudence McMahan to C. Ward Eicher was collateral security for a debt owed by Alexander McMahan to Eicher, and that it was paid when the assignees of McMahan paid Eicher's note for which the mortgage was pledged as collateral. The mortgage was an absolute obligation, with no reference to any collateral undertaking. The proof failed to show the mortgage was without consideration or was given as an accommodation for Alexander McMahan, or that his assignees thereafter paid the mortgage. The evidence offered to establish these facts failed to disclose anything relieving defendant. Eicher was not connected, personally or through an agent, with any

representation which would indicate no value passed to defendant or that he had accepted or taken the mortgage for the accommodation of Alexander McMahan. Eicher borrowed from a trust company, giving his note, assigning this mortgage as collateral for that loan; the note was subsequently paid by the assignees of Alexander McMahan's estate and the collateral was returned to Eicher. Why the assignees paid the note does not appear in the evidence. If it was paid in discharge of McMahan's liability to Eicher, the account of the assignees would show it, as also if the assignees, without authority, advanced funds in liquidation of this note from McMahan's estate. Both of these accounts were in the hands of the court or should have been. Of course the mortgage ought not to be paid twice, but there is nothing to show it was so paid. The payment, by the assignees, of Eicher's note may be accounted for in a number of ways, none of which would be for the benefit of Prudence or Alexander McMahan. Until there was some evidence tending to show payment on their account, it was not necessary for Eicher's assignees of the mortgage to produce evidence showing why the assignees paid this note. It was stated at the bar of this court that Eicher was counsel for the estate and otherwise interested. The court did not err in rejecting the offers of evidence here assigned for error.

We have considered all the assignments and they are overruled. Those not specifically dealt with are deemed to be without merit.

The judgment of the court below is affirmed.